[¶ 1] This matter came before the Court upon the Board of Professional Responsibility's "Report and Recommendation for One-Year Suspension," filed herein July 30, 2019. pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (stipulated discipline). After a careful review of the Report and Recommendation and the file, the Court finds the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Michael J. Pearce should be suspended from the practice of law for one year. It is. therefore,
[¶ 2] ADJUDGED AND ORDERED that the Board of Professional Responsibility's "Report and Recommendation for One-Year Suspension." which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court: and it is further
[¶ 3] ADJUDGED AND ORDERED that, as a result of the conduct set forth in the Report and Recommendation for One-Year Suspension. Respondent Michael J. Pearce shall be, and hereby is, suspended from the practice of law for one year, with the period of suspension to begin August 22, 2019; and it is further
[¶ 4] ORDERED that, during the period of suspension. Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly the requirements found in Rule 21 of those rules. That rule governs the duties of disbarred and suspended attorneys; and it is further
[¶ 5] ORDERED that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure. Respondent shall reimburse the Wyoming State Bar the amount of $100.00, which represents the costs incurred in handling this matter, as well as pay an administrative fee of $1,500.00. Respondent shall pay the total amount of $1,600.00 to the Wyoming State Bar on or before January 1, 2020. If Respondent fails to make payment in the time allotted, execution may issue on the award; and it is further
[¶ 6] ORDERED that the Wyoming State Bar is authorized to issue the stipulated press release contained in the "Report and Recommendation for One-Year Suspension"; and it is further
[¶ 7] ORDERED that the Clerk of this Court shall docket this "Order of One-Year Suspension," along with the incorporated "Report and Recommendation for One-Year Suspension" as a matter coming regularly before this Court as a public record; and it is further
[¶ 8] ORDERED that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this "Order of One-Year Suspension," along with the incorporated "Report and Recommendation for One-Year Suspension" shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further
[¶ 9] ORDERED that the Clerk of this Court cause a copy of this "Order of One-Year Suspension" to be served upon Respondent Michael J. Pearce.
[¶ 10] DATED this 14th day of August. 2019.
BY THE COURT:
/s/ MICHAEL K. DAVIS
Chief Justice
REPORT AND RECOMMENDATION FOR ONE-YEAR SUSPENSION
THIS MATTER came before the Board of Professional Responsibility ("Board" or "BPR") on the 22nd day of July, 2019, for consideration of the parties' stipulation for a one-year suspension submitted pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure, and the Board having *719 reviewed the Stipulation, the accompanying Affidavit of conditional admission ("Affidavit") and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS as follows.
Findings of Fact
1. Respondent has been licensed to practice law in Wyoming since 2012 and maintains a solo practice in Laramie, Wyoming. Respondent is the subject of two disciplinary complaints, one from a client and one in the form of a report submitted by the presiding judge in a different matter.
2. In the underlying matter involved in No. 2018-073, Respondent's failure to exercise competence and diligence in representing a client in a personal injury matter resulted in the client's case being dismissed with prejudice. Respondent admits that he violated Rules 1.1 (competence), 1.3 (diligence), 1.4 (communication with client), and 8.4(c) (misleading statements) in representing the client.
3. In the underlying matter involved in No. 2019-039, Respondent was issued a written reprimand by the presiding district court judge for violation of numerous provisions of a scheduling order and for numerous violations of Rule 801 (standards of professional behavior) of the Uniform Rules for District Courts of the State of Wyoming. Respondent admits that he violated Rules 1.1 (competence), 1.3 (diligence), 3.4(c) (failure to follow the rules of the tribunal) and 8.4(c) (misleading statements) in the conduct for which the presiding judge reprimanded him.
4. In WSB No. 2018-073, Respondent represented the plaintiff in a personal injury matter against parties allegedly responsible for a motor vehicle accident.
5. Defense counsel moved to dismiss the case without prejudice after learning that most of the plaintiff's medical expenses arising from the motor vehicle accident were paid by workers' compensation. Defense counsel's motion was based upon Respondent's failure to provide notice of the lawsuit to the Workers' Compensation Division Director and to the Attorney General as required by W.S. § 27-14-105(b).
6. Respondent did not contest the motion and on September 28, 2017, an order dismissing the case without prejudice was entered. The order expressly provided, "Plaintiff shall have one year to re-file the action, pursuant to W.S. § 1-3-118."
7. The complaint Respondent's client submitted to the Office of Bar Counsel in late June 2018 stated, "Hired Mike Pearce a couple years ago to handle my personal injury case. I can't get him to answer the phone, return calls, letters or emails for over a year. I'd like him to either get to work or withdraw and return my file, preferably withdraw. He's a poor excuse for an attorney."
8. Respondent filed a reply to the client's complaint with the Office of Bar Counsel in which he stated:
I am responding to the allegations put forth to you against me by [Respondent's client]. I have attempted to reach him several times. The last we spoke, I provided him with an update on his case, and there have been no more updates. I am sorry that he feels I have not been responsive, though I have given him all necessary and timely information. I have sent messages to [email address]. I am happy to reach out to him ASAP again to move forward in whatever way he wishes.
Respondent did not disclose in his initial response that the lawsuit had been dismissed in September 2017.
9. Upon receipt of a copy of Respondent's reply to the complaint, Respondent's client wrote to Bar Counsel and insisted that he had received no updates on the case after its initial filing in February 2017 and had "no idea of where this case stands, what deadlines may or may not have been met, etc."
10. Following receipt of the client's response, Bar Counsel prevailed upon Respondent to contact his client and get the case back on track.
11. On July 18, 2018, Respondent sent the following email to his client:
My apologies we have missed each other. However, I understand you would like your file back, and though I am happy to send it to you, sorry it came to this.
*720 I explained to you or your wife several months ago that due to procedural conditions I was not aware of at the time of filing, we had to dismiss the claim but have one year to refile. That runs in September. My suggestion would be for me to refile and allow you to substitute another attorney if you would like. That would ensure that time is honored and not rush another attorney. Of course, I would be happy to see it through at that point, too, but I will leave that up to you.
Please advise your intention on how you would like to handle the matter.
12. Upon receipt of Respondent's email, the client forwarded it to Bar Counsel, insisting that he was unaware that the case had been dismissed.
13. At this juncture, Bar Counsel contacted the court and obtained a copy of relevant pleadings - the complaint, the motion to dismiss and the order of dismissal. Upon review of those documents, Bar Counsel learned that the reason for the dismissal was Respondent's failure to notify the Director of the Workers' Compensation Division and the Attorney General's office of the lawsuit as required by W.S. § 27-14-105(b).
14. On October 17, 2018, Respondent sent his client an email indicating that the case had been refiled. On October 18, 2018, Respondent refiled the same complaint as the one Respondent had filed in early 2017. The new case was assigned a new civil action number. Unfortunately, the refiling was accomplished after the September 28, 2018, refiling deadline.
15. On October 31, 2018, the Court granted defendants' motion to dismiss the first lawsuit with prejudice. The motion had been filed October 4, 2018. Respondent did not inform his client of defendants' motion to dismiss the first case with prejudice, nor of the order of dismissal with prejudice.
16. Service of the complaint in the new case was not obtained upon the defendant until March 29, 2019. On April 11, 2019, defense counsel filed a motion to dismiss the new action with prejudice. Respondent did not inform his client of the defendant's motion to dismiss the new case with prejudice.
17. On April 25, 2019, the client sent Respondent the following email:
Mike:
I've been trying to reach you regarding the lawsuit, the court tells me [the defendant] filed a motion to dismiss. Have you or are you doing anything about that? Let me know please, I think by now you know I'm not going to let it go. I realize you have some personal problems but I have problems as well which is why I hired you in the first place. This accident changed my life Mike and not in a good way, I've got 5 kids I'm raising and am doing it with permanent back and nerve damage. Please get your act together and take care of this!
18. Respondent responded, "The response is due Tuesday and I am working on it now." Respondent filed the response to the defendant's motion to dismiss on May 1, 2019. At this time, the motion is pending and has not been set for hearing.
19. In WSB No. 2019-039, Respondent represented the plaintiff in an action in district court. On March 18, 2019, the presiding judge issued a reprimand to Respondent based upon Respondent's failure to comply with filing deadlines in the case and his failure to make proper service of pleadings if filed upon defense counsel. The presiding judge sent a copy of the reprimand to Bar Counsel, who initiated an investigation and subsequently filed a formal charge.
20. The Board finds, with respect to the two matters encompassed by the Stipulation and Affidavit, that there is clear and convincing evidence of Respondent's to violations of Rule 1.1 (competence) Rule 1.3 (diligence), Rule 1.4 (communication with client), Rule 3.4(c) (failure to follow the rules of the tribunal) and Rule 8.4(c) (misleading statements) as set forth above.
21. Regarding Respondent's violations of Rules 1.1, 1.3 and 1.4, Respondent concedes, and the Board so finds, that there is clear and convincing evidence of a pattern of neglect with respect to client matters in both of the complaints that have been made against him. Respondent further concedes, and the Board so finds, that under ABA
*721 Standard 4.4, a suspension is the presumptive sanction for such violations.
22. Regarding Respondent's violations of Rule 3.4(c), Respondent concedes, and the Board so finds, that under ABA Standard 6.2, a public censure is the appropriate sanction.
23. Regarding Respondent's violations of Rule 8.4(c), Respondent concedes, and the Board so finds, that disbarment is the presumptive sanction for such violations.
24. Respondent concedes, and the Board so finds, that given the pattern of misconduct to which he has conditionally admitted, Respondent's mental state cannot be excused as mere negligence.
25. Respondent concedes that in No. 2018-073, his client was harmed as a result of Respondent's failure to provide competent, diligent representation as set forth above. In both matters, Respondent's conduct resulted in delays and corresponding costs for the court and the defendants.
26. The parties agree, and the Board so finds, that aggravating factors include: (1) a pattern of misconduct; (2) multiple offenses; (3) failure to timely respond to Bar Counsel's inquiries; and (4) a history of prior discipline. With respect to WSB No. 2018-073, Respondent's dishonesty with his client is an additional aggravating factor. The sole mitigating factor is certain personal or emotional problems experienced by Respondent.
27. Respondent concedes, and the Board so finds, that in consideration of the foregoing factors, a suspension is the appropriate sanction for the conduct to which Respondent has conditionally admitted. Respondent agrees, and the Board so finds, that a one-year suspension is an appropriate sanction for Respondent's misconduct.
28. Respondent has a disciplinary history consisting of a private reprimand he received in 2018 for violations of Rules 1.3 (diligence), 3.4(a) (lack of candor to the court) and 3.4(c) (failure to follow the rules of the tribunal).
29. The parties have agreed that if the Board approves the Stipulation and the Court issues an order of one-year suspension, the following press release may be issued:
The Wyoming Supreme Court issued an order suspending Laramie attorney Michael J. Pearce from the practice of law for one year. The order of suspension stemmed from Pearce failing to comply with Wyoming statutes in the filing of a personal injury action, having misled his client as to the status of the personal injury action and having missed court deadlines in two separate matters and otherwise having failed to comply with court rules and orders in both matters. Pearce agreed to the suspension, which was recommended to the Supreme Court by the Board of Professional Responsibility of the Wyoming State Bar. Pearce was ordered to pay an administrative fee in the amount of $1,500.00 ($750.00 each for two separate disciplinary complaints) and costs of $100.00 to the Wyoming State Bar.
Conclusions of Law
30. Rule 1.1, W.R.Prof.Cond., provides, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."
31. Rule 1.3, W.R.Prof.Cond., provides, "A lawyer shall act with reasonable diligence and promptness in representing a client."
32. Rule 1.4, W.R.Prof.Cond., requires a lawyer to keep the client reasonably informed about the status of the matter.
33. Rule 3.4(c), W.R.Prof.Cond., provides, "A lawyer shall not *** knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."
34. Rule 8.4(c), W.R.Prof.Cond., provides, "It is professional misconduct for a lawyer to *** engage in conduct that involves dishonesty, fraud, deceit or misrepresentation."
35. Rule 15(b)(3)(D), W.R.Disc.P., provides, "In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions:
*722 (i) Whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;
(ii) Whether the lawyer acted intentionally, knowingly, or negligently;
(iii) The amount of the actual or potential injury caused by the lawyer's misconduct; and
(iv) The existence of any aggravating or mitigating factors."
36. Respondent's violations of Rules 1.1, 1.3, and 1.4 call into play Standard 4.4, "Lack of Diligence," of the ABA Standards for Imposing Lawyer Sanctions. Standard 4.4 sets forth the following guidelines:
4.41 Disbarment is generally appropriate when:
(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
(b) a lawyer knowingly fails to perform services for a client and cause serious or potentially serious injury to a client; or
(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.
4.42 Suspension is generally appropriate when:
(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
(b) a lawyer engages in a pattern of neglect with respect to client matters and causes injury or potential injury to a client.
4.43 Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.
4.44 Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.
37. Respondent's violations of Rule 3.4(c) fall within the heading, "Violation of Duties Owed to the Legal System." ABA Standard 6.2, "Abuse of the Legal Process," provides:
Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving failure to expedite litigation or bring a meritorious claim, or failure to obey any obligation under the rules of the tribunal except for an open refusal based on an assertion that no valid obligation exists:
6.21 Disbarment is generally appropriate when a lawyer knowingly violates a court order or a rule with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a party or causes serious or potentially serious interference with a legal proceeding.
6.22 Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding.
6.23 Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.
6.24 Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer engages in an isolated instance of negligence in complying with a court order or rule, and causes little or no actual or potential injury to a party, or causes little or no actual or potential interference with a legal proceeding.
38. Respondent's violation of Rule 8.4(c) implicates Standard 5.1, "Failure to Maintain Personal Integrity":
*723 Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or in cases with conduct involving dishonesty, fraud, deceit or misrepresentation:
5.11 Disbarment is generally appropriate when:
(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of any other commit any of these offenses; or
(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.
5.12 Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously reflects on the lawyer's fitness to practice.
5.13 Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.
5.14 Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer engages in any other conduct that reflects adversely on the lawyer's fitness to practice law.
39. The Preface to the ABA Standards includes the following discussion regarding mental state:
The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.
40. Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."
41. ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:
9.1 Generally
After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.
9.2 Aggravation
9.21 Definition. Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.
9.22 Factors which may be considered in aggravation. Aggravating factors include:
(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally *724 failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;
(i) substantial experience in the practice of law;
(j) indifference in making restitution; and
(k) illegal conduct, including that involving the use of controlled substances.
9.3 Mitigation.
9.31 Definition. Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.
9.32 Factors which may be considered in mitigation. Mitigating factors include:
(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical disability;
(i) mental disability or chemical dependency including alcoholism or drug abuse when:
(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability ;
(2) the chemical dependency or mental disability caused the misconduct;
(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and
(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.
(j) delay in disciplinary proceedings;
(k) imposition of other penalties or sanctions;
(l) remorse; and
(m) remoteness of prior offenses.
9.4 Factors Which Are Neither Aggravating nor Mitigating.
The following factors should not be considered as either aggravating nor mitigating:
(a) forced or compelled restitution;
(b) agreeing to the client's demand for certain improper behavior or re suit;
(c) withdrawal of complaint against the lawyer;
(d) resignation prior to completion of disciplinary proceedings;
(e) complainant's recommendation as to sanction; and
(f) failure of injured client to complain.
Recommendation
In consideration of the Board's findings of fact and conclusions of law, the parties' Stipulation, and the facts and admissions in the accompanying Affidavit, the Board recommends the Wyoming Supreme Court issue an order:
1. Suspending Respondent for a period of one year.
2. Requiring Respondent to pay an administrative fee of $1,500.00 and costs of $100.00 to the Wyoming State Bar on or before January 1, 2020.
3. Directing the Wyoming State Bar to issue the parties' stipulated press release as set forth above.
DATED this 24th day of July, 2019.
/s/ Christopher H. Hawks, Vice Chair
Christopher H. Hawks, Vice Chair
Board of Professional Responsibility
Wyoming State Bar